UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

DANIEL MARTINEZ, *et al*, §
§
     Plaintiffs, §
VS. § CIVIL ACTION NO. 2:13-CV-178
§
NUECES COUNTY, TEXAS, *et al*, §
§
     Defendants. §

## ORDER

Before the Court are "Defendants' Joint Rule 12(e) Motion for More Definite Statement" (D.E. 11) and "Rule 12(b)(6) Motion to Dismiss of Defendants Nueces County, Texas, Edward F. Day, II, Nate Perez, John Esparza, and Ian Rosales" (D.E. 12). Defendants complain of the adequacy of factual allegations in the Plaintiffs' Complaint (D.E. 1) and seek dismissal or re-pleading of the claims.  For the reasons set out below, the Motion for More Definite Statement (D.E. 11) is GRANTED IN PART and DENIED IN PART.   The Motion to Dismiss (D.E. 12) is GRANTED.   Plaintiff is further GRANTED LEAVE to file a motion to reinstate claims against the County within ten days, accompanied by the specific allegations to be made against the County.

## FACTUAL CONTEXT

Plaintiffs allege that they were hosting a graduation party in their home when one of their guests became unruly and started a fight.  After they asked the unruly guest to leave, he left, called the police, and reported that Plaintiffs had started a fight with him. Defendants Nate Perez (Perez), John Esparza (Esparza), and Ian Rosales (Rosales),

officers employed by the Nueces County Constable Precinct 5 or Sheriff's office, responded to the call.  When the officers asked to enter the home (without a warrant), Plaintiffs refused, blocked the entry, tried to close and lock the door, and otherwise tried to keep the officers out.  The officers demanded entry and allegedly began assaulting Plaintiffs.

Before it was over, the officers, joined by officer Edward F. Day, II (Day), another Nueces County Constable employee, had used pepper spray and tasers in addition to other physical measures to subdue all three Plaintiffs.  The officers arrested Plaintiffs Daniel and Rita Martinez, who were both charged with resisting arrest, assault on a police officer, and interference with public duties.  The charges were eventually dismissed.

Plaintiffs have brought this suit against the officers pursuant to the Fourth, Fifth, Eighth, and Fourteenth Amendments and 42 U.S.C. § 1983 for breach of privacy, unreasonable search and seizure, excessive force, and malicious prosecution.  Plaintiffs assert that there was no probable cause for the officers' action nor were there exigent circumstances to justify the alleged forced entry and assaults.  Plaintiffs also sue under Texas state law for assault and malicious prosecution.  Their federal claims against Nueces County are based on alleged failure to train and supervise the officers and policies, customs, procedures, or practices that permit or acquiesce in unconstitutional behavior.

Defendants have challenged the Complaint for failure to allege sufficient facts and for "shotgun" pleading in which all facts alleged are, without specificity, claimed to support all causes of action.  Plaintiffs have requested leave to amend their Complaint in

the event that it is found inadequate under the law.   However, Plaintiffs have not indicated what additional information they would include in any amended Complaint.

## STANDARD OF REVIEW

Whether a pleading adequately states a claim under Federal Rules of Civil Procedure Rule 12 is a matter of balancing a party's right to redress against the interests of all parties and the court in minimizing expenditure of time, money, and resources.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1966 (2007).   Rule 8's requirement for a short and plain statement showing an entitlement to relief is interpreted as requiring sufficient information for the defendant to understand the claim and formulate its defense.  Fed. R. Civ. P. 12(e).

The *Twombly* court expressly "retired" the old test that Plaintiff's briefing appears to rely on.   That test is stated in *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957):  that a complaint would not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Twombly*, 127 S.Ct. at 1969 (quoting and rejecting *Conley, supra*).  The revised standard for determining whether a complaint states a cognizable claim has been outlined by the United States Supreme Court in *Twombly, supra* and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Furthermore, "Pleadings must be construed so as to do justice."  Rule 8(e).  The requirement that the pleader "show" that he is entitled to relief requires "more than labels and conclusions[;] a formulaic

recitation of the elements of a cause of action will not do." *Twombly*, 127 S.Ct. at 1964-65 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932 (1986)).

Factual allegations are required, sufficient to raise the entitlement to relief above the level of mere speculation. *Twombly*, 127 S.Ct. at 1965. Those factual allegations must then be taken as true, even if doubtful. *Id.* In other words, the pleader must make allegations that take the claim from "conclusory" to "factual" and beyond "possible" to "plausible." *Id.*, 127 S.Ct. at 1966. The *Twombly* court stated, "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." 127 S.Ct. at 1974.

The Court, elaborating on *Twombly*, stated, "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 129 S.Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In dismissing the claim in *Iqbal*, the Court stated, "It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth." 129 S.Ct. at 1951.

## DISCUSSION

Defendants' Motion for More Definite Statement (D.E. 11) raises the following objections to the Complaint:

1. It is a "shotgun" pleading that fails to specify which facts apply to which claims;

2. It does not allege the basis by which any one Defendant is charged with the conduct of any other Defendant;

3.  It does not allege a factual basis for the Defendants' states of mind;

4.  It does not allege a factual basis for Defendant Nueces County's "policy, custom, practice or procedure" liability; and

5.  It does not allege sufficient facts against the individual Defendants with respect to the state law claims.

Each of these arguments will be addressed in turn.

### A. Shotgun Pleadings

With respect to "shotgun pleadings," Defendants cite from a known line of Eleventh Circuit cases, which includes:  *Liebman v. Deutsche Bank Nat'l Trust Co*., 462 Fed.Appx. 876, 879 (11th Cir. Feb. 23, 2012) ("The complaint named numerous individual defendants in addition to several business entities.  The complaint alleged numerous violations of state and federal law, but did not provide any explanation of how the defendants' actions violated those laws.  The Liebmans also failed to allege why the purported violations entitled them to their requested relief."); *Davis v. Coca–Cola Bottling Co. Consol*., 516 F.3d 955 (11th Cir. 2008) (multiple plaintiffs asserted same global discrimination, harassment, and retaliation claims against the defendant); *Wagner v. First Horizon Pharmaceutical Corp*., 464 F.3d 1273, 1279 (11th Cir. 2006) (incorporation by reference followed by bare-bones statement of cause of action); *Anderson v. District Board of Trustees of Central Florida Community College*, 77 F.3d 364, 366 (11th Cir. 1996) ("[I]t is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief.").

What makes a pleading an objectionable "shotgun" pleading is the inclusion of irrelevant and unrelated facts not tied to specific causes of action such that the claims made are indeterminate and the defendant's task in defending against them is significantly impaired. *See e.g., Abrams v. CIBA Specialty Chemicals Corp*., No. 08–0068, 2008 WL 4183344, at *4, 2008 U.S. Dist. LEXIS 68897, *26 (S.D. Ala. Sept. 10, 2008). That is not the case here.

Plaintiffs' Complaint includes approximately two pages of facts that describe succinctly and in full the events upon which their claims are predicated. Their claims are all related because part of the unreasonableness of the search and seizure is alleged to be the "unreasonable" excessive use of force. To require Plaintiffs to recount the specific facts upon which each claim rests when stating that claim would require Plaintiffs to repeat the two pages of facts with respect to each claim. Such repetition would render the pleading unwieldy and would detract from, rather than add to, its clarity.

Plaintiffs have not run afoul of any rule precluding "shotgun pleadings" because they have not muddied their Complaint with complicated, irrelevant, extraneous, or confusing facts that must be collated with respect to their statement of the legal claims. Defendants' first challenge in their Motion for More Definite Statement is DENIED.

### B. Vicarious Liability

Defendants complain of the statement in paragraph 20 of Plaintiffs' Complaint which reads, "each Defendant was the agent and employee of each other Defendant and was acting within such agency and employment and that each Defendant was acting

under color of state law."  D.E. 1, p. 5.  Defendants challenge the adequacy of the pleading to state a claim for vicarious liability.

Plaintiffs have conceded that they are not seeking to recover under any theory of *respondeat superior* liability.  D.E. 18, p. 5.  The Court reads the challenged allegation as stating that each Defendant acted under color of law because of the individual Defendants' employment with a state actor.  To the extent that the allegation may be read to claim vicarious liability of any kind, the Motion for More Definite Statement is GRANTED.

Because Plaintiffs have stated that they did not intend to make such a claim, there is no reason to grant an opportunity to amend on this matter.  *See generally*, *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) (leave to amend should be freely given unless other issues counsel against it, such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment).  Defendants' Motion to Dismiss on this basis is GRANTED.

## C.  State of Mind

Defendants, without authority, suggest that Plaintiffs have a duty to plead the factual basis for the Defendants' alleged mental state.  In particular, Plaintiffs allege that Defendants used excessive force "maliciously, intentionally, and sadistically for the very purpose of punishing and causing harm to Plaintiffs" and that they arrested and charged

Plaintiffs "with malice."  D.E. 1, pp. 4, 9.  Defendants claim that Plaintiffs must describe the mental processes at work.  That is not the case.

Plaintiffs' allegation tracks the language of the *Whitley* test, which was formulated to describe the threshold for the application of principles prohibiting excessive force in matters where some force may be expected.  The test is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm."  *Whitley v. Albers*, 475 U.S. 312, 320-21, 106 S.Ct. 1078, 1085 (1986).  The language merely shows that Plaintiffs believe that the amount of force used was beyond anything that reasonably should have transpired.

As Plaintiffs point out, they are specifically relieved from alleging the factual basis of this malice.  Under Fed. R. Civ. P. 9(b), "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  For this reason, Defendants' Motion for More Definite Statement regarding this portion of the pleading is DENIED.

### D. County Policy

Defendants next challenge the adequacy of the pleadings for the causes of action against the County, which depend upon a showing of a policy, custom, practice, or procedure that permits unconstitutional conduct by its peace officers or specific failures to train or supervise amounting to deliberate indifference.  In this regard, Plaintiffs recite a series of alleged policies or "continuing patterns" of failures among the County's peace officers.  Plaintiffs also note single incidents as "speaking volumes" regarding inadequate training.  These allegations are non-specific and without statistical basis.

Under the decisions of the Supreme Court, municipal liability under § 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose "moving force" is the policy or custom. *Monell v. Dep't. of Social Services*, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978). Plaintiffs have not adequately stated an actionable policy because isolated incidents do not establish a policy absent some common elements connecting them with other apparently isolated incidents and a meaningful statistical context. *E.g., Peterson v. City of Fort Worth*, 588 F.3d 838, 852 (5th Cir. 2009).

Plaintiffs must demonstrate a true pattern of abuses. *Piotrowski v. City of Houston*, 237 F.3d 567, 582 (5th Cir. 2001). A pattern requires sufficiently numerous prior incidents, not just isolated instances. *McConney v. City of Houston*, 863 F.2d 1180, 1184 (5th Cir. 1989). Furthermore, the policy must be shown to reflect deliberate indifference to the applicable constitutional rights. *Brumfield v. Hollins*, 551 F.3d 322, 331 (5th Cir. 2008) (quoting *Lawson v. Dallas County*, 286 F.3d 257, 264 (5th Cir. 2002) (The applicable deliberate indifference standard considers "not only what the policymaker actually knew, but what he should have known, given the facts and circumstances surrounding the official policy and its impact on the [applicable] rights.").

While Plaintiffs' list includes a number of alleged policies or failures, none of them include the factual information to determine what facts are alleged to give rise to them as "policies," whether the facts reflect numerous and cohesive actions that transform apparently isolated instances into *de facto* policies, and what the requisite actionable indifference to constitutional rights is based upon. Plaintiffs "quantity" of

separate policy allegations does not supplant the need for "quality" factual bases.  The allegations are conclusory and are clearly insufficient under the requirements of *Twombly* and *Iqbal*.  The Motion for More Definite Statement is GRANTED with respect to this portion of the pleading.

Defendants' Motion to Dismiss takes this matter a step further and seeks dismissal of all claims against the County due to the failure to sufficiently plead a case based on policies or lack of training or supervision.  Plaintiffs request an opportunity to amend if any aspect of their Complaint is held inadequate.  Plaintiffs have not, however, indicated what additional allegations may be added in order to satisfy the pleading requirement for County liability.  Therefore, the Court GRANTS the Motion to Dismiss with respect to claims against the County.  The Court GRANTS LEAVE for Plaintiffs to file an amended complaint within ten days of the date of this Order, setting forth specific factual allegations against the County.

### E.  State Law Claims Against Individual Defendants

With respect to the state law claims of assault and battery and malicious prosecution, Defendants complain that Plaintiffs "lumped together" all of the individual Defendants.  Plaintiffs have not distinguished which Defendant engaged in which specific acts.  Plaintiffs defend, arguing that the separate acts of the individual Defendants cannot be distinguished without discovery and that lumping the Defendants together is consistent with *Hale v. Townley*, 45 F.3d 914, 919 (5th Cir. 1995), a § 1983 case which held that when one officer is aware of another officer's use of excessive force and fails to take

reasonable measures to stop the unconstitutional action, he may be liable for that use of force.

Without determining whether the principles of *Hale* apply to the state law assault and battery claims, the Court notes that the Complaint provides sufficient notice of claims arising from an event in which all of the individual Defendants were said to have participated.   It is not necessary, for pleading purposes, to determine which officer delivered which blows to Plaintiffs or which officer forced open the door.   These are matters that can be developed in discovery.   As alleged, this is not a case where some Defendants were participants in a physical altercation and some were not.   And while some officers may not have participated in bringing charges that supply the basis of the malicious prosecution claim, no additional pleading is required for those Defendants to understand the claim and formulate their defense.   The Motion for More Definite Statement is DENIED with respect to this portion of the pleading.

## CONCLUSION

For the reasons set out above, the Court GRANTS the Motion for More Definite Statement (D.E. 11) with respect to (1) any claim for vicarious or *respondeat superior* liability and (2) any claim against Defendant Nueces County, Texas.   The Court DENIES the Motion for More Definite Statement in all other respects.

The Court GRANTS the Motion to Dismiss in full, which addressed both (1) any claim for vicarious or respondeat superior liability and (2) any claim against Defendant Nueces County, Texas.   The Court GRANTS LEAVE to Plaintiffs to file an amended

complaint regarding the allegations against Nueces County, Texas on or before the 10th

day after issuance of this Order.

ORDERED this 26th day of November, 2013.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE